JUDGE KATHLEEN CARDONE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| YVONNE CASTANEDA, MARIA ROBLEDO, MARTHA AVILA, and MICHELLE GARCIA,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EL PASO, TEXAS,<br><br>Defendant. | Civil Action No. _____<br><br>(Assigned to the Hon. _____)<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>EP11CV0035 |

## INTRODUCTION

This civil rights lawsuit seeks to vindicate the right of mobile food vendors to operate their businesses free from protectionist regulations. Mobile vending has long been an entry point to entrepreneurship in cities across America. This is especially true in El Paso, Texas, where a robust vending community serves snacks, treats, and ethnic foods at low prices and convenient locations for busy customers. Through the adoption and enforcement of arbitrary and excessive restrictions on where and how vendors can operate, the City of El Paso has made it practically impossible for mobile vendors to operate legally within the city limits.

Defendant City of El Paso has banned Plaintiffs Yvonne Castaneda, Maria Robledo, Martha Avila, and Michelle Garcia (the "Plaintiffs") from operating within 1,000-feet of restaurants, grocers, and other food-service and food-product establishments, and further prohibits Plaintiffs even from stopping to await customers. No health or safety concerns are addressed by these restrictions—they exist simply to protect non-mobile businesses from their mobile competitors. These actions by Defendant deprive Plaintiffs of their right to pursue a

lawful occupation protected by the Due Process and Privileges or Immunities Clauses of the Fourteenth Amendment to the United States Constitution, and the Due Process and Privileges or Immunities Clauses of Article 1, Section 19 of the Texas Constitution.

## JURISDICTION AND VENUE

1. Plaintiffs bring this civil rights lawsuit pursuant to the Fourteenth Amendment to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. Plaintiffs seek declaratory and injunctive relief against the enforcement of El Paso Municipal Code § 9.12.800(F) ("Mobile Separation Restriction"); and El Paso Municipal Code § 9.12.800(D) and the definition of "mobile establishment" in § 9.12.010 (together the "Awaiting Customers Restriction").

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Yvonne Castaneda is a resident of the State of Texas and operates Destiny's Ice Cream and Snacks, a mobile vending van in the City of El Paso, Texas. Yvonne sells general concessions, such as ice cream, soda, candy, and potato chips from her van.

6. Plaintiff Maria Robledo is a resident of the State of Texas and operates a mobile vending truck in the City of El Paso, Texas. Maria also sells general concessions, such as soda, candy, and potato chips from her truck.

7. Plaintiffs Martha Avila and Michelle Garcia are, respectively, mother and daughter. Both are residents of the State of Texas and together they operate a mobile vending

van in the City of El Paso, Texas. Martha and Michelle sell soda, candy, and burritos that they prepare each morning in a commercial kitchen.

8. Defendant City of El Paso is a political subdivision of the State of Texas.

## FACTUAL ALLEGATIONS

### Plaintiffs and Their Vending Businesses

9. Plaintiff Yvonne Casteneda owns and operates Destiny's Ice Cream and Snacks, a mobile vending van in El Paso. Yvonne is a licensed vendor, and has operated in El Paso for the past five years. Vending is her primary source of income. From her van, Yvonne sells pre-packaged concessions such as ice cream, burritos, "corn in a cup," nachos, soda, candy, and potato chips. Yvonne has traditionally operated her business on a fixed route, appearing at different locations throughout the city at fixed times on certain days of the week so that her customers will be able to find her. Yvonne would park at the curb for approximately 90 minutes where—as with most street vendors—customers would come and go throughout the breakfast, lunch, or dinner rush. These locations are in areas where restaurants can easily be found within 1,000 feet.

10. Plaintiff Maria Robledo owns and operates a mobile vending truck in El Paso. Maria is a licensed vendor, and has operated in El Paso for 13 years. Vending is her sole source of income. She started her business after her son (now a soldier in the U.S. Army) became modestly successful selling packs of gum in a neighborhood park. Seeing the promise of vending as a path to economic independence, Maria later decided to purchase an ice cream truck and start a vending business. From her truck, Maria sells pre-packaged concessions such as soda, candy, and potato chips. She runs the same routes each week, stopping for approximately 40 minutes each at different locations around the city. These locations are in areas where

restaurants can easily be found within 1,000 feet. By maintaining consistent routes, a steady schedule, and low prices, she has been able to grow her business and a loyal customer base. She provides an important service for busy and budget-minded El Pasoans.

11. Plaintiffs Martha Avila and Michelle Garcia are, respectively, mother and daughter. Martha owns, and Michelle helps her operate, a mobile vending van in El Paso. Martha and Michelle are licensed vendors, and have operated in El Paso for over five years. They wake up before dawn most mornings to prepare burritos in a commercial kitchen. Then they pack these burritos into their van and hit the street to serve their hungry customers. From their van, Martha and Michelle sell their burritos, as well as pre-packaged concessions like soda and potato chips. Mobile food vending has provided Martha the means to support her household, and helped Michelle afford the cost of college. They visit the same locations each week, parking for approximately an hour at each to serve hot burritos to tired construction workers, busy hospital employees, and even retirement-home residents. These locations are in areas where restaurants can easily be found within 1,000 feet.

12. After passing Ordinance No. 17162 in August 2009, Defendant began aggressively enforcing the Mobile Separation Restriction and Awaiting Customers Restriction against Yvonne, Maria, Martha, and Michelle—citing them repeatedly for stopping to await their customers and for vending within 1,000 feet (nearly four city blocks) of brick-and-mortar food establishments. These Plaintiffs have historically operated within 1,000 feet of brick-and-mortar restaurants, grocers, and convenience stores. They have historically waited curbside for customers, and have remained stationary in-between customer visits—although they rarely remain in one place for more than 90 minutes. In short, Plaintiffs have operated their businesses in a traditional fashion, following generally fixed routes that routinely take them within 1,000

feet of brick-and-mortar food establishments, and waiting at the curb for some fixed period of time as customers come and go. They would like to continue doing so, but Defendant's restrictions now interfere with this traditional mobile vending business model and are harming them as more fully described below.

## RESTRICTIONS ON MOBILE VENDING

13. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in ¶¶ 1 through 12 of this Complaint as if fully set forth herein.

14. Plaintiffs challenge the Mobile Separation Restriction and the Awaiting Customers Restriction.

15. El Paso Municipal Code § 9.12.010 defines a "mobile establishment" as "a vehicle-mounted establishment designed to be readily movable. This establishment must move from location to location and cannot become stationary to await customers. The term includes distribution of food." Plaintiffs operate "mobile establishments" under this definition.

16. The Mobile Separation Restriction, El Paso Municipal Code § 9.12.800(F), prohibits mobile vendors—which are mobile establishments under § 9.12.010—from operating within 1,000-feet of any food-service establishment or food-product establishment. The only exception to this restriction is for city-approved catering services operating temporarily on private property found at El Paso Municipal Code § 9.12.800(G). Otherwise, these restrictions prohibit vendors from vending even on private property with the permission of the property owner. Because there are many hundreds of food-service and food-product establishments in El Paso, each with a 1,000-foot "no vending" circle around it, these prohibitions make it illegal to vend almost anywhere in the city.

17. The Awaiting Customers Restriction, El Paso Municipal Code § 9.12.800(D) and the definition of "mobile establishment" in § 9.12.010 together, prohibits Plaintiffs from stopping to wait for customers. Instead, customers must be standing at the curb—cash in hand—before a mobile vendor can stop and serve them. Plaintiffs are prohibited from legally parking and awaiting customers. As a result, Plaintiffs must slowly circle the block and re-trace their paths in search of customers to serve.

18. The new restrictions advance no public health or safety purpose; they exist only to protect non-mobile businesses from competition.

19. Violations of the Mobile Separation Restriction and Awaiting Customers Restriction are punishable by misdemeanor fines of up to $2,000 per day. El Paso Mun. Code § 9.12.890.

20. Plaintiffs have been cited and fined for violations of the Mobile Separation Restriction and Awaiting Customers Restriction.

## INJURY TO PLAINTIFFS

21. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in ¶¶ 1 through 20 of this Complaint as if fully set forth herein.

22. On its face and as interpreted and enforced by Defendant, the Mobile Separation Restriction prohibits mobile vendors, such as Plaintiffs, from operating within 1,000-feet of an existing restaurant, grocer, or convenience store. Hence, Plaintiffs are prohibited from vending in large swaths of El Paso due to the ubiquity of brick-and-mortar businesses that serve food. The Awaiting Customers Restriction further prohibits mobile vendors from stopping and awaiting customers. Plaintiffs are further forced to circle the block or cruise for customers rather than remaining stationary and legally parked at the curb for some period of time.

23. Plaintiffs earn their living from vending. They seek to do nothing more than offer food for sale from their mobile vans and trucks without being restricted by Defendant's 1,000-foot no-vending zones around restaurants, grocers, and convenience stores. Plaintiffs further seek the right to park legally at a curb or on private property—for some reasonable period of time—and await customers.

24. Because Plaintiffs cannot legally operate within 1,000-feet of brick-and-mortar businesses that serve food, they are limited to vending in those few pockets of El Paso where these restrictions do not apply. These pockets are almost impossible to identify and, further, are not profitable places to operate a mobile vending business. Plaintiffs are unable to legally maintain their established routes because those routes routinely had them vending within 1,000 feet of a restaurant, grocer, or convenience store.

25. Because Plaintiffs cannot legally remain parked at the curb when customers are not present, they are missing sales opportunities from customers who expect to find them at a particular location during the "lunch rush" or at other times of day. Instead, Plaintiffs must enter the flow of traffic, circle the block, or engage in other activities to monitor an area for customers without becoming stationary.

26. Plaintiffs have been issued citations for violating both the Mobile Separation Restriction and the Awaiting Customers Restriction. They have been subject to thousands of dollars in fines and penalties for engaging in activities that they have performed for years without incident or complaint by Defendant. They have been forced to spend time in court defending themselves against citations issued by Defendant. And they now operate under a constant cloud of worry and doubt regarding the future viability of their businesses.

27. Due to severely restricted vending zones and the inability to stop and await customers during, for instance, the "lunch rush," Plaintiffs have lost thousands of dollars and stand to lose many thousands more as a result of Defendant's Mobile Separation Restriction and Awaiting Customers Restriction. If Plaintiffs continue to lose business due to these restrictions, they may be forced to abandon their businesses entirely. If Plaintiffs are ultimately forced to cease vending in El Paso, they will lose the means to support their families and themselves.

28. The Mobile Separation Restriction and Awaiting Customers Restriction do not address any health or safety concern—they exist simply to protect non-mobile businesses from competition.

29. But for Defendant's enforcement of the law, Plaintiffs could legally vend within 1,000-feet of existing restaurants, grocers, and convenience stores and stop and await customers—just as they did before Defendant began aggressively enforcing the Mobile Separation Restriction and Awaiting Customers Restriction in 2009.

30. Through the arbitrary acts of Defendants listed above, Plaintiffs are injured irreparably by the deprivation of their substantive due process rights to earn an honest living free from arbitrary and irrational government interference, and their right to the privileges or immunities of citizenship.

**CONSTITUTIONAL VIOLATIONS**

**FIRST CLAIM FOR RELIEF
(SUBSTANTIVE DUE PROCESS)**

31. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in ¶¶ 1 through 30 of this Complaint as if fully set forth herein.

32. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution protects every American's right to pursue legitimate occupations, subject only to regulations that are rationally related to a legitimate government purpose.

33. The Mobile Separation Restriction violates Plaintiffs' right to due process of law under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 on its face and as-applied to the extent that El Paso law prohibits Plaintiffs from selling food within 1,000-feet of any restaurant, grocer, convenience store, or other food-service and food-product establishments.

34. The Awaiting Customers Restriction violates Plaintiffs' right to due process of law under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 on its face and as-applied to the extent that El Paso law prohibits Plaintiffs from stopping and awaiting customers.

35. Protecting non-mobile businesses at the expense of mobile vendors is not a valid exercise of Defendant's police power to protect the public health and safety.

36. Unless Defendant is enjoined from committing the above-described constitutional violations of the Fourteenth Amendment, Plaintiffs will continue to suffer great and irreparable harm.

### SECOND CLAIM FOR RELIEF
### (PRIVILEGES OR IMMUNITIES)

37. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in ¶¶ 1 through 36 of this Complaint as if fully set forth herein.

38. The Mobile Separation Restriction violates Plaintiffs' privileges or immunities of citizenship under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 on its face and as-applied to the extent that El Paso law prohibits Plaintiffs from selling food within

1,000-feet of any restaurant, grocer, convenience store, or other food-service and food-product establishments.

39. The Awaiting Customers Restriction violates Plaintiffs' privileges or immunities of citizenship under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 on its face and as-applied to the extent that El Paso law prohibits Plaintiffs from stopping and awaiting customers.

40. Unless Defendants are enjoined from committing the above-described constitutional violations of the Fourteenth Amendment, Plaintiffs will continue to suffer great and irreparable harm.

### THIRD CLAIM FOR RELIEF
### (TEXAS STATE DUE PROCESS CLAIMS)

41. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in ¶¶ 1 through 40 of this Complaint as if fully set forth herein.

42. Article I, Section 19 of the Texas Constitution provides that among the rights secured by the substantive due process guarantees of the Texas Constitution is the right to earn an honest living in the occupation of one's choice without unreasonable governmental interference.

43. The Mobile Separation Restriction violates Plaintiffs' rights under the due process clause of Article I, Section 19 of the Texas Constitution on its face and as-applied to the extent that El Paso law prohibits Plaintiffs from selling food within 1,000-feet of any restaurant, grocer, convenience store, or other food-service and food-product establishments.

44. The Awaiting Customers Restriction violates Plaintiffs' rights under the due process clause of Article I, Section 19 of the Texas Constitution on its face and as-applied to the extent that El Paso law prohibits Plaintiffs from stopping and awaiting customers.

45. Unless Defendants are enjoined from committing the above-described constitutional violations of Article I, Section 19, Plaintiffs will continue to suffer great and irreparable harm.

## FOURTH CLAIM FOR RELIEF
### (TEXAS STATE PRIVILEGES OR IMMUNITIES CLAIMS)

46. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in ¶¶ 1 through 45 of this Complaint as if fully set forth herein.

47. Article I, Section 19 of the Texas Constitution provides that among the rights secured by the privileges or immunities guarantees of the Texas Constitution is the right to earn an honest living in the occupation of one's choice without unreasonable governmental interference.

48. The Mobile Separation Restriction violates Plaintiffs' rights under the privileges or immunities clause of Article I, Section 19 of the Texas Constitution on its face and as-applied to the extent that El Paso law prohibits Plaintiffs from selling food within 1,000-feet of any restaurant, grocer, convenience store, or other food-service and food-product establishments.

49. The Awaiting Customers Restriction violates Plaintiffs' rights under the privileges or immunities clause of Article I, Section 19 of the Texas Constitution on its face and as-applied to the extent that El Paso law prohibits Plaintiffs from stopping and awaiting customers.

50. Unless Defendants are enjoined from committing the above-described constitutional violations of Article I, Section 19, Plaintiffs will continue to suffer great and irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request relief as follows:

A. For entry of judgment declaring that El Paso Municipal Code § 9.12.800 (F) is unconstitutional on its face to the extent that it prohibits vendors from operating within 1,000-feet of a restaurant, grocer, or other food-service and food-product establishments;

B. For entry of judgment declaring that El Paso Municipal Code § 9.12.800 (D) and the definition of "mobile establishment" under § 9.12.010 are unconstitutional on their face to the extent that they prohibit vendors from stopping or parking and awaiting customers;

C. For entry of judgment declaring that El Paso Municipal Code §§ 9.12.800(D) and (F) and the definition of "mobile establishment" under § 9.12.010 are unconstitutional as applied to Plaintiffs;

D. For entry of a permanent injunction against Defendant prohibiting enforcement of these laws, regulations, policies, and rules in a manner that impairs the opportunities of Plaintiffs to operate their mobile vending businesses, and prohibiting the imposition of fines or criminal penalties, or otherwise subjecting the aggrieved to harassment;

E. For nominal damages in the amount of one dollar ($1.00);

F. For an award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

G. For such further legal and equitable relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED
this 26th day of January, 2011

**INSTITUTE FOR JUSTICE**

By: _____

Matthew R. Miller (TX Bar No. 24046444)
Arif Panju (TX Bar No. 24070380)*
Institute for Justice Texas Chapter
816 Congress Avenue, Suite 960
Austin, TX 78701
(512) 480-5936
(512) 480-5937 (fax)
mmiller@ij.org
apanju@ij.org

William H. Mellor (DC Bar 462072)**
Bert Gall (DC Bar No. 482476)**
Institute for Justice
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)
bgall@ij.org

\*   *Admission approved, formal swearing-in on 2/10/11.*
\*\* *Application for admission pro hac vice to be filed.*